## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is made by and between Plaintiffs Dylan Donaldson, Benjamin Brislawn, Thomas Ray, Skylar Spray, and Jacob Richey ("Plaintiffs") and Defendants MBR Central Ill Pizza LLC; M.B.R. Management Corporation, and Mark Ratterman ("Defendants"). Plaintiffs and Defendants may also sometimes be collectively referred to as the "Parties."

The Parties, now desiring to enter into a Settlement Agreement and Release, do hereby settle and resolve all claims raised in Plaintiff's Complaint in *Donaldson v. MBR Management Corporation,* Case No. 3:18-cv-03048 (C.D. Ill.) according to the following terms:

WHEREAS, Plaintiffs have served a Complaint on Defendants asserting Defendants violated Plaintiffs' federal and state wage and hour rights, specifically, the Fair Labor Standards act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 LCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"); and

WHEREAS, Defendants presented arbitration agreements allegedly signed by Plaintiffs, and the Parties agreed to proceed to individual arbitration; and

WHEREAS, Defendants deny any liability to Plaintiffs; and

WHEREAS, the Parties now desire to fully resolve and settle the matters raised in Plaintiffs' Complaint and release and discharge Defendants from all claims which presently exist or may exist in the future arising out of or relating to the assertions in Plaintiffs' Complaint;

NOW, THEREFORE, in consideration of the mutual promises, covenants, and undertakings set forth below, and other good and valuable consideration, the receipt and sufficiency of which each of the Parties hereby acknowledge, the Parties agree as follows:

1. After execution of this Agreement, the parties' counsel shall file a Joint Motion to Approve this settlement within 5 business days of receipt of a fully executed copy of this Agreement.

2. Within 5 business days of the Court approving this settlement, Defendants shall mail to Plaintiffs' counsel the consideration described in the following paragraph.

3. As consideration for the Agreement, Defendants agrees to pay a total of $4,038.49 in unpaid wages and damages, $10,000 in attorneys' fees, and $709 in costs, as follows:

(a) One check made payable to Dylan Donaldson in the amount of $487.89, minus applicable taxes and withholdings. This payment will be for wages owed, and Defendants will issue a Form W-2 to Plaintiff.

(b) One check made payable to Dylan Donaldson in the amount of $487.89. This payment will be for damages, and Defendants will issue a Form 1099 to Plaintiff.

(c) One check made payable to Skylar Spray in the amount of $463.67, minus applicable taxes and withholdings. This payment will be for wages owed, and Defendants will issue a Form W-2 to Plaintiff.

(d) Once check made payable to Skylar Spray in the amount of $463.67. This payment will be for damages, and Defendants will issue a Form 1099 to Plaintiff.

(e) One check made payable to Benjamin Brislawn in the amount of $452.56, minus applicable taxes and withholdings. This payment will be for wages owed, and Defendants will issue a Form W-2 to Plaintiff.

(f) One check made payable to Benjamin Brislawn in the amount of $452.56. This payment will be for damages, and Defendants will issue a Form 1099 to Plaintiff.

(g) One check made payable to Jacob Ritchey in the amount of $220.81, minus applicable taxes and withholdings. This payment will be for wages owed, and Defendants will issue a Form W-2 to Plaintiff.

(h) One check made payable to Jacob Ritchey in the amount of $220.81. This payment will be for damages, and Defendants will issue a Form 1099 to Plaintiff.

(i) One check made payable to Thomas Ray in the amount of $394.31, minus applicable taxes and withholdings. This payment will be for wages owed, and Defendants will issue a Form W-2 to Plaintiff.

(j) One check made payable to Thomas Ray in the amount of $394.32. This payment will be for damages, and Defendants will issue a Form 1099 to Plaintiff.

DocuSign Envelope ID: 4925D9D7-05D4-4F0B-9E4F-58A11196D4DE

    (k)    One check made payable to Biller & Kimble, LLC in the amount of $709.00 for expenses incurred.

    (l)    One check made payable to Biller & Kimble, LLC in the amount of $10,000, for attorneys' fees and expenses. Defendant shall issue a Form 1099 to Biller & Kimble, LLC for this payment.

    (m)    Plaintiff agrees that Plaintiff is responsible for the payment of any applicable local, state, and federal taxes upon said payment, and further agrees to indemnify and hold Defendant harmless from any and all claims arising out of said payment.

    4.    Except for the obligations created by this Agreement, Plaintiffs on behalf of themselves and their heirs, estates, executors, administrators, assigns, transferees and representatives, hereby releases and forever discharges Defendants and their predecessors, successors, parents, subsidiaries, affiliates, assigns, representatives and agents, as well as all of their present and former directors, officers, employees, agents, shareholders, representatives, attorneys and insurers (collectively, the "Releasees"), from any and all claims, causes of actions, demands, debts, obligations, damages or liability of any nature whatsoever, known or unknown, that (a) Plaintiffs have or may have which arise out of their employment or cessation of employment with Defendants or its successors, or (b) which concern or relate in any way to any acts or omissions done or occurring prior to and including the effective date of this Agreement, including but not limited to claims arising under any federal, state or local employment laws including the Fair Labor Standards act, 29 U.S.C. § 201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 LCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, *et seq.* ("IWPCA"). This Release is not intended to apply to any pension or insured benefits, if any, for which Plaintiffs are eligible pursuant to the terms of any employee benefit plan in which Plaintiffs are, or have been, a participant (subject to all the terms, conditions and restrictions of such governing plan). It is understood that all Releasees will have the right and standing to enforce the terms of this paragraph.

    5.    Plaintiffs shall not, at any time in the future, seek or accept employment or re-employment with Defendants, whether as an employee or independent contractor, and that any application made by Plaintiffs may be rejected without any liability to Defendants.

DocuSign Envelope ID: 4925D9D7-05D4-4F0B-9E4F-58A11196D4DE

6. By executing this Agreement, Plaintiffs agree to keep the amount of the settlement payments confidential and agree not to disclose to anyone (other than their spouses, financial advisors, legal counsel and accountants) the amount of the settlement payments unless such disclosure is (i) lawfully required by any government agency; (ii) otherwise required to be disclosed by law (including legally required financial reporting) and/or by court order; or (iii) necessary in any legal proceeding in order to enforce any provision of this Agreement. Plaintiffs may respond to any inquiry about the status and/or resolution of this litigation by stating that the matter has been resolved to the mutual satisfaction of the Parties. The parties acknowledge that this Agreement shall remain effective if this provision is found to be unenforceable.

7. Plaintiffs and Defendants agree that neither party will make any statement disparaging the other party or which may negatively reflect upon the business practices or character of the other party or any related individual or entity. If inquiry is made of Defendants about Plaintiffs' employment, they will provide only Plaintiff's dates of employment and last position held.

8. Defendants expressly deny any violation of any of its policies or procedures, or any local, state or federal laws, codes or regulations.

9. The Parties agree that this Agreement is made solely for the purpose of compromising disputed claims and avoiding the costs and expense of further litigation. Nothing contained herein shall constitute an admission of wrongdoing or liability by either party, which liability is expressly denied.

10. Each party shall bear their own costs of litigation including attorneys' fees and expenses.

11. This Agreement contains the entire understanding between the Parties. The Parties acknowledge that no promise, representation, or warranty whatsoever, expressed or implied, not contained herein, concerning the subject matter of this Agreement has been made by the other party or any of their agents or attorneys to induce execution of this Agreement.

12. Each of the Parties hereby warrants, represents, and agrees that in executing this Agreement, such party: (i) has done so with full knowledge of the rights it may have in respect to the other parties to this Agreement; (ii) has been fully and completely informed as to the contents of this Agreement and has discussed it with their

DocuSign Envelope ID: D750/211-201C-4AEE-8BE2-55900B0CDECE

attorneys; (iii) has read this Agreement and understands its terms; (iv) is signing this Agreement as the parties true and voluntary act and deed; and (vi) each Plaintiff further represents and warrants that neither he nor any person claiming by or through him has assigned or transferred, or purported or agreed to assign or transfer, any of the purported claims against Defendant in any way.

13. This Agreement is made and entered into in the State of Illinois and shall in all respects be interpreted, enforced, and governed under the laws of the State of Illinois. The language in all parts of this Agreement shall be in all cases construed as a whole according to its very meaning and not strictly for or against either party.

14. Should any provision of this Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be effected thereby and said illegal or invalid part, term or provision shall not be deemed to be a part of this Agreement.

15. Each party agrees to execute such additional documents as necessary, to cooperate with each other and otherwise take such actions as are necessary to accomplish the undertaking set forth in this Agreement.

16. No amendment to this Agreement shall be effective unless it is reduced to writing and signed by both Parties.

17. This Agreement shall be binding upon and inure to the benefit of the signatory parties and their respective successors, estates, executors, administrators, estate and trust beneficiaries, heirs, and assigns.

18. This Agreement may be executed in several counterparts, each in which shall have the force and effect of any original.

| PLAINTIFFS | CORPORATE DEFENDANTS |
|---|---|
| | MBR CENTRAL Illinois Pizza |
| DocuSigned by: s/Dylan Donaldson — 80AB3D102FF44DE... | |
| Dylan Donaldson | By: _____ |
| Date: 4/17/2019 _____, 20__ | Its: _____ |
| | Date: _____, 20__ |

5

DocuSign Envelope ID: 4925D9D7-05D4-4F0B-9E4F-58A11196D4DE

Benjamin Brislawn   s/Ben Brislawn
DocuSigned by:
1B0D6AA9C37E4BC...

Date: ____4/18/2019____, 20___

_____
Thomas Ray

Date: _____, 20___

_____
Skyler Spray

Date: _____, 20___

_____
Jacob Ritchey

Date: _____, 20___

M.B.R. Management Corporation

By: _____

Its: _____

Date: _____, 20___

### INDIVIDUAL DEFENDANT

_____
Mark Ratterman

Date: _____, 20___

37941351.1

Benjamin Brislawn

Date: _____, 20___

_____

Thomas Ray

Date: _____, 20___

_____

Skyler Spray

Date: _____, 20___

_____s/Jacob Ritchey_____
Jacob Ritchey

Date: ____4/18/2019_____, 20___

M.B.R. Management Corporation

By:_____

Its:_____

Date: _____, 20___

INDIVIDUAL DEFENDANT

_____

Mark Ratterman

Date: _____, 20___

37941351.1

Benjamin Brislawn

Date: _____, 20___

_____

Thomas Ray

Date: _____, 20___

s/Skyler Spray
_____
Skyler Spray

Date: _____4/17/2019_____, 20___

_____

Jacob Ritchey

Date: _____, 20___

M.B.R. Management Corporation

By:_____

Its:_____

Date: _____, 20___

**INDIVIDUAL DEFENDANT**

_____

Mark Ratterman

Date: _____, 20___

37941351.1

6

Benjamin Brislawn

Date: _____, 20___

_____s/Thomas Ray_____
Thomas Ray

Date: ____4/17/2019____, 20____

_____
Skyler Spray

Date: _____, 20____

_____
Jacob Ritchey

Date: _____, 20____

M.B.R. Management Corporation

By:_____

Its:_____

Date: _____, 20___

INDIVIDUAL DEFENDANT

_____
Mark Ratterman

Date: _____, 20___

37941351.1

6

attorneys; (iii) has read this Agreement and understands its terms; (iv) is signing this Agreement as the parties true and voluntary act and deed; and (vi) each Plaintiff further represents and warrants that neither he nor any person claiming by or through him has assigned or transferred, or purported or agreed to assign or transfer, any of the purported claims against Defendant in any way.

13. This Agreement is made and entered into in the State of Illinois and shall in all respects be interpreted, enforced, and governed under the laws of the State of Illinois. The language in all parts of this Agreement shall be in all cases construed as a whole according to its very meaning and not strictly for or against either party.

14. Should any provision of this Agreement be declared or determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be effected thereby and said illegal or invalid part, term or provision shall not be deemed to be a part of this Agreement.

15. Each party agrees to execute such additional documents as necessary, to cooperate with each other and otherwise take such actions as are necessary to accomplish the undertaking set forth in this Agreement.

16. No amendment to this Agreement shall be effective unless it is reduced to writing and signed by both Parties.

17. This Agreement shall be binding upon and inure to the benefit of the signatory parties and their respective successors, estates, executors, administrators, estate and trust beneficiaries, heirs, and assigns.

18. This Agreement may be executed in several counterparts, each in which shall have the force and effect of any original.

PLAINTIFFS

CORPORATE DEFENDANTS

MBR CENTRAL Illinois Pizza

By: s/Mark Ratterman

Its: Mark Ratterman

Date: 4-17, 2019

Dylan Donaldson

Date: _____, 20___

5

Benjamin Brislawn

Date: _____, 20__

_____
Thomas Ray

Date: _____, 20__

_____
Skyler Spray

Date: _____, 20__

_____
Spencer Ritchey

Date: _____, 20__

M.B.R. Management Corporation

By: _____s/Mark Ratterman_____

Its: __Mark Ratterman__

Date: __4-17__, 20_19_

INDIVIDUAL DEFENDANT

__s/Mark Ratterman__
Mark Ratterman

Date: __4/17__, 20_19_

37941351.1

6

**CERTIFICATE OF SERVICE**

 I hereby certify that on April 23, 2019, the foregoing was served via electronic mail upon all counsel of record.

                /s/ Rodney A. Harrison