E-FILED
Tuesday, 17 September, 2019  03:24:48 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DYLAN DONALDSON, on behalf of himself and others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | )    No. 18-cv-3048 ) |
| MBR CENTRAL ILLINOIS PIZZA, LLC, MBR MANAGEMENT CORP., and MARK RATTERMAN, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge.**

Now before the Court is the parties' Joint Motion to Approve Settlement, d/e 13, and Defendants' Unopposed Motion for Leave to File Document Under Seal, d/e 14.  Because the Court finds that the settlement is the product of contested litigation and is a fair and reasonable resolution of a bona fide dispute, the parties' Joint Motion to Approve Settlement, d/e 13, is GRANTED.  Defendants' Unopposed Motion for Leave to File Document Under Seal, d/e 14,

however, is DENIED because Defendants have not given the Court sufficient reason for the settlement agreement to remain under seal.

## I. BACKGROUND

Plaintiff Dylan Donaldson brings this suit on behalf of himself and other similarly situated individuals under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1 *et seq.* Class and Collective Action Compl. ("Compl.") 1. After the complaint was filed, four other individuals filed consents to join this suit. See d/e 3, 6. Defendants MBR Management Corporation and MBR Central Illinois Pizza, LLC, are Domino's franchisees that own and operate eighty-three Domino's stores. Compl. 2. Defendant Mark Ratterman is the founder, owner, and president of the corporate defendants. Id. at 4. Plaintiffs allege that Defendants failed to pay delivery drivers the legally mandated minimum wage for their hours worked. Id. at 3. Defendants deny any liability to Plaintiffs. Settlement Agreement and Release 1, d/e 15.

On September 28, 2018, the parties filed a Stipulated Motion to Compel Arbitration and Stay, d/e 10, seeking to individually arbitrate the Plaintiffs' claims and to stay this action pending arbitration. The Court granted the motion and directed the parties to file status reports concerning the arbitration. Text Order, Oct. 9, 2018. The parties subsequently reported that they were negotiating an agreement to resolve their dispute prior to filing arbitrations. Joint Status Report 1, Jan. 2, 2019, d/e 11. The parties now move the Court to approve the settlement agreement that is the product of their negotiations.

## II.  LEGAL STANDARD

Before approving an FLSA settlement, a court must find that the settlement "represents a fair and equitable resolution of a *bona fide* dispute" under the FLSA. Salcedo v. D'Arcy Buick GMC, Inc., 227 F. Supp. 3d 960, 961 (N.D. Ill. 2016). If a court is satisfied that an FLSA settlement is the product of contested litigation, approval of the settlement is usually appropriate. Koszyk v. Country Fin. a/k/a CC Servs., Inc., No. 16 Civ 3571, 2016 WL 5109196, at *1 (N.D. Ill. Sept. 16, 2016).

## III. ANALYSIS

The parties contend that the settlement agreement is the product of arms-length negotiations by experienced counsel. Joint Mot. to Approve Settlement Agreement 2. They further claim that the settlement agreement provides fair relief to Plaintiffs while eliminating the risks the parties would bear if litigation continued to resolution on the merits. Id. The Court agrees that the settlement agreement is a reasonable compromise over contested issues. See, e.g., Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (noting that the adversarial nature of a litigated FLSA case "provides some assurance of an adversarial context" and therefore indicia of fairness to a settlement reached as a result).

Further litigation on the merits would pose risks for both sides as the parties maintain. Here, the parties represent that there are disputed factual and legal issues, including but not limited to, whether Plaintiffs were in fact paid the minimum wage and whether Plaintiffs are entitled to liquidated damages. Joint Mot. to Approve Settlement Agreement 2. There is also the possibility that each Plaintiff may be forced to individually arbitrate their claims, rather than proceed as a collective action.

That said, the Court's determination of whether the proposed settlement is both fair and reasonable also includes an evaluation of the reasonableness of the attorneys' fees sought. See <u>Bligh v. Constr. Res. of Ind., Inc.</u>, Cause No. 1:15-cv-00234-JD-SLC, 2016 WL 5724893, at *3 (N.D. Ind. Aug. 10, 2016). As to the amount of attorneys' fees awarded under the settlement agreement, "[p]roportionality is the comparison between a plaintiff's damages and attorneys' fees." <u>Dominguez v. Quigley's Irish Pub, Inc.</u>, 897 F. Supp. 2d 674, 686 (N.D. Ill. 2012) (citing <u>Anderson v. AB Painting & Sandblasting, Inc.</u>, 578 F.3d 542, 546 (7th Cir. 2009)). An award of attorneys' fees "that is a large multiple of the amount awarded should cause the court to pause and reflect on the fee requested." <u>Id.</u>

In this case, applying proportionality principles gives the Court pause. The parties' proposed settlement contains an award of attorneys' fees in an amount that is more than twice the amount to be received by Plaintiffs. Settlement Agreement and Release 2–3. Nonetheless, the disproportionality here need not be treated as fatal as it might in the context of the approval of a Federal Rule of Civil Procedure 23 class action settlement. See <u>Binissa v. AMB Indus.,</u>

Inc., 13 cv 1230, 15 cv 6729, 2017 WL 4180289, at *5 (N.D. Ill. Sept. 21, 2017) (utilizing the Seventh Circuit's proportionality analysis in the Rule 23 consumer class action context set out in Redman v. RadioShack Corp., 768 F.3d 622, 630 (7th Cir. 2014), as guidance in determining whether to approve an FLSA settlement). "There is no strict rule of proportionality, and the Seventh Circuit has 'repeatedly rejected the notion that the fees must be calculated proportionally to damages.'" Dominguez, 897 F. Supp. 2d at 686 (quoting Estate of Enoch ex rel. Enoch v. Tienor, 570 F.3d 821, 823 (7th Cir. 2009)).

In the context of FLSA collective actions where the recovery for each individual plaintiff may be relatively modest, the Supreme Court has recognized a Congressional intent to give "plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." Hoffman-LaRoche Inc. v. Sperling, 493 U.S. 165, 170 (1989). Indeed, in many such cases, "plaintiffs can 'hardly be expected to pursue these small claims individually, so there is little likelihood that their rights will be vindicated in the absence of a collective action.'" Epenscheid v. DirectSat USA, LLC, 09-cv-625-bbc, 2011 WL 13209269, at *14 (W.D. Wis. Feb. 10, 2011) (quoting

Bradford v. Bed Bath and Beyond, Inc., 184 F. Supp. 2d 1342, 1351 (N.D. Ga. 2002)). As a result, courts routinely approve FLSA settlements even when the amount of attorneys' fees is disproportionate to the plaintiffs' recovery. See, e.g., Bligh, 2016 WL 5724893, at *3 (approving settlement where counsel received $1,500 of a total recovery of $2,500); Paredes v. Monsanto Co., No. 4:15-CV-088 JD, 2016 WL 1555649, at *2 (N.D. Ind. Apr. 18, 2016) (approving $6,000 in attorneys' fees payable to plaintiffs' counsel where plaintiffs' total recovery was $3,500).

Here, each Plaintiff will receive amounts ranging from just over $440 to about $975, totaling a little more than $4,000, while counsel will receive $10,000. Settlement Agreement and Release 2–3. The parties' Motion to Approve Settlement is supported by a supplemental declaration from Plaintiffs' attorneys. Andrew Kimble's Decl. in Support of Pl.'s Mot. for Approval of Attorney's Fees in Settlement Agreement, d/e 16 ("Kimble Decl."). In the declaration, Plaintiffs' attorneys set forth the time expended on the case and the attorneys' typical hourly rates. Id. at 3–4. The declaration shows that Plaintiffs' attorneys' have expended over $16,000 in fees to date. Id. at 3. The request for $10,000 in

attorneys' fees in the Motion to Approve Settlement, then, represents an approximately forty percent discount from the value of the fees reported in the declaration. Plaintiffs' attorneys and paralegals have billed at rates between $125 and $400 per hour and Plaintiffs' attorneys cite to several cases from the Southern and Northern Districts of Ohio in which the attorneys' hourly rates have been approved. Id. at 3–5 (collecting cases). The attorneys' hourly rates range from $250 per hour on the low end to $400[1] per hour on the high end. Id. at 3.

These rates, even before factoring in the approximately forty percent reduction in total fees sought, are in line with rates that have recently been approved in this District. See, e.g., Abellan v. HRDS Le Roy IL, LLC, Case No. 16-1037, 2018 WL 6247260, at *10 (C.D. Ill. Nov. 29, 2018) (approving award of fees where attorneys and paralegals billed at rates between $150 and $400 per hour). The attorneys have pursued this litigation diligently and it appears

---

[1] The $400 per hour rate applies to only 2.6 hours of the total 55.2 hours reported. Most of the hours are reported by Attorneys Andrew Kimble and Philip Krzeski, whose rates were, respectively, $325 and $250 per hour until January 1, 2019, at which time they were raised to $385 and $270 per hour. Applying a reduction of approximately forty percent as the total request for fees has been reduced, to the new, higher rates effectively yields rates of approximately $231 and $162 per hour.

from the declaration that basic tasks have been performed by employees charging lower rates.[2] Further, the parties explored settlement negotiations early on, avoiding incurring additional charges that would accrue with further contested litigation. The Court, therefore, finds the request for attorneys' fees to be reasonable and appropriate for Plaintiffs' counsels' work in this litigation.

While, as already stated, this proportion does give the Court pause, it is unlikely that any Plaintiff's individual claim would otherwise have been pursued in the absence of this collective action, given each Plaintiffs' small claim for damages. In sum, the Court concludes that the settlement agreement is fair and reasonable in light of Plaintiffs' modest claims and the risk and expense that further litigation would entail.

## IV. MOTION TO SEAL

In conjunction with the parties' motion to approve their settlement agreement, Defendants have filed an Unopposed Motion

---

[2] The Court notes, however, that $150 per hour for a paralegal's work is still high, and is, in fact, comparable to the hourly rates of many attorneys in this district. By way of comparison, the current hourly rate for a lawyer appointed to a non-capitol case under the Criminal Justice Act, 18 U.S.C. § 3600A, is $148 per hour.

for Leave to File Document Under Seal, seeking to file the settlement agreement under seal. Defendants have not, however, provided the Court with a compelling reason to allow the settlement agreement to be filed under seal. The main reason given for sealing the settlement agreement is that the parties have mutually bargained to maintain the confidentiality of their settlement terms. Defs.' Unopposed Mot. for Leave to File Document Under Seal ("Mot. to Seal") 1. Defendants also perfunctorily assert that the parties have "distinct but substantial interests in the nondisclosure of the settlement terms (*e.g.*, the avoidance of future claims, protection of personal information, etc.)." Id.

The Seventh Circuit has made clear in which instances the Court may or may not seal documents. See Baxter Int'l, Inc. v. Abbot Laboratories, 297 F.3d 544, 546 (7th Cir. 2002) (denying request to seal which was largely based on parties' agreement and assertion that documents for which sealing was sought were commercial documents). Defendants' motion "d[oes] not analyze the applicable legal criteria or contend that [the settlement agreement] contains a protectable trade secret or otherwise legitimately may be kept from public inspection despite its

importance to the resolution of the litigation." Id. (citing Composite Marine Propellers, Inc., v. Van Der Woude, 962 F.2d 1263, 1266 (7th Cir. 1992), for the proposition that "a litigant must do more than just identify a kind of information and demand secrecy").

Defendants' concern about avoiding future claims is insufficient to justify sealing the settlement agreement. See Salcedo, 227 F. Supp. 3d at 962 (denying request to seal FLSA settlement agreement where the request was based on the defendant's concern that public disclosure of the settlement's terms might affect future litigation); Adams v. Walgreen Co., No. 14-CV-1208-JPS, 2015 WL 4067752, at *2 (E.D. Wis. July 2, 2015) (denying request to seal settlement agreement in FLSA case where the defendant expressed concerns that disclosure might affect pending and future litigation). If a settlement agreement is made a part of the court record, because—as in this case—judicial approval of the terms is required, the presumption of the right of public access to court documents applies. Goesel v. Boley Int'l (H.K.) Ltd., 738 F. 3d 831, 834 (7th Cir. 2013).

Defendants' concerns about the protection of personal information similarly do not provide a sufficient basis for sealing.

Having closely reviewed the settlement agreement and release, it does not, for example, contain Social Security numbers or taxpayer identification numbers, dates of birth, the names of individuals known to be minors, or financial account numbers. See Fed. R. Civ. P. 5.2(a)(1)–(4). The signatures on the document may be protected by redaction. See CDIL-LR 5.11(A). Accordingly, while the court grants the parties' Joint Motion to Approve Settlement, Defendants' Unopposed Motion for Leave to File Document Under Seal is denied.

Having found that the settlement agreement may not be filed under seal, the Clerk is directed to unseal the settlement agreement, redacting the signatures it contains. See CDIL-LR 5.10(A)(4) ("The Court may, in its discretion, order a sealed document to be made public if . . . the document is so intricately connected with a pending matter that the interests of justice are best served by doing so.").

## V. CONCLUSION

For the reasons stated herein, the parties' Joint Motion to Approve Settlement, d/e 13, is GRANTED, and Defendants'

Unopposed Motion for Leave to File Document Under Seal, d/e 14, is DENIED.

**ENTER: September 16, 2019**

/s/ Sue E. Myerscough  
SUE E. MYERSCOUGH  
UNITED STATES DISTRICT JUDGE